IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIA BROMLEY and KLEBER PAUTA, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:20-CV-439-LY |
| SXSW LLC and       , SXSW HOLDINGS, INC., | § § § § | |
| SXSW. | § | |

**DEFENDANTS SXSW LLC AND SXSW HOLDINGS, INC.'S
<u>ANSWER TO PLAINTIFFS' COMPLAINT</u>**

TO THE HONORABLE JUDGE LEE YEAKEL:

SXSW LLC (individually, "SXSW") and SXSW HOLDINGS, INC. (collectively, "Defendants") file this Answer to Plaintiffs' Class Action Complaint ("Complaint"), and would respectfully show:

1. Defendants admit that Plaintiffs bring this action on behalf of themselves and seek to represent a class as described, as alleged in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint as to SXSW, LLC, and deny those allegations as to SXSW Holdings, Inc., which is not an operating company.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Plaintiffs and a minority of purchasers of credentials for SXSW 2020 have requested refunds. SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform. Defendants

admit that SXSW 2020 did not, and could not, occur due to no fault of the Plaintiffs or Defendants. Defendants admit that SXSW offered to allow purchasers to defer their registration for SXSW 2020 to one of the three following years and to obtain a registration for another one of those three years at 50% of the walk-up price, in exchange for a release of claims against SXSW, and that the vast majority of registrants have accepted that offer and granted a release of claims. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants do not have sufficient information to admit or deny whether the individual Plaintiffs intend to attend future SXSW events. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants admit that SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform. Defendants admit that SXSW offered to allow purchasers to defer their registration for 2020 SXSW to one of the three following years and to obtain a registration for another one of those three years at 50% of the walk-up price, in exchange for a release of claims against SXSW, and that the vast majority of registrants have accepted that offer and granted a release of claims. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiffs are attempting to bring an action as described in Paragraph 7 of the Complaint.

8. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants do not have sufficient information to admit or deny the allegations in

Paragraph 10 of the Complaint.

11. Defendants admit SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform.

12. Defendants admit the allegations in the first sentence of Paragraph 12 of the Complaint and deny the allegations in the second sentence.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform and has communicated that information to the public and purchasers of credentials in a variety of ways.

19. Defendants admit that SXSW offered to allow purchasers to defer their registration for 2020 SXSW to one of the three following years and to obtain a registration for another one of those three years at 50% of the walk-up price, in exchange for a release of claims against SXSW, and that the vast majority of registrants have accepted that offer and granted a release of claims.

20. Defendants admit the allegations in Paragraph 20 of the Complaint, except the registered agent has since been changed.

21. Defendants admit the allegations in Paragraph 21 of the Complaint, except the registered agent has since been changed.

22. Defendants deny that it is accurate to refer to SXSW LLC and SXSW Holdings, Inc., collectively because the former is an operating company and the latter is not.

23. Defendants admit this Court has subject matter jurisdiction over this lawsuit.

24. Defendants admit this Court has personal jurisdiction over them.

25. Defendants admit that venue is proper in this judicial district and division.

26. Defendants admit that SXSW, LLC, produces the SXSW annual event in March in Austin, Texas, and deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint give a general but not complete description of the SXSW annual event.

28. Defendants admit that many, but not all, attendees are required to purchase credentials to gain admission to various SXSW events, and deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint give a general but not complete description of the purchase of credentials for SXSW 2020 and incorrectly identify the cost of badges.

30. Defendants deny the allegations of Paragraph 30 of the Complaint, which do not accurately describe SXSW Platinum badges or their cost.

31. Defendants admit that wristbands are sold for SXSW Film, SXSW Music, and SXSW Gaming Expo for SXSW 2020 at varying prices depending on when the wristbands were purchased.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit that the SXSW 2020 Participating and Credentials Terms and Conditions ("Terms") referred to wristbands, tickets, passes, and badges as "Credentials."

34. Defendants admit that purchasers of Credentials must agree to SXSW's Terms, admit that the Terms are relevant to this lawsuit, and admits that Exhibit A to the Complaint appears to be a print-out of those Terms, as alleged in Paragraph 34 of the Complaint.

35. Defendants admit that Paragraph 35 of the Complaint accurately quotes from SXSW's Terms and admits that any claim brought by a purchaser who agreed to the Terms is governed by Texas law.

36. Defendants admit that Paragraph 36 of the Complaint accurately quotes from SXSW's Terms.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that Paragraph 40 of the Complaint accurately quotes from SXSW's Terms, admits that its choice of law provision is enforceable, and denies the remaining allegations.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants deny that Paragraph 42 of the Complaint accurately summarizes SXSW's communication referenced, admit that credentials could be purchased on February 28, 2020, and deny the remaining allegations.

43. Defendants admit that SXSW 2020 was cancelled by the City of Austin on March 6, 2020, for the reasons stated in the Mayor's order.

44. Defendants admit that SXSW issued the statement referenced in Paragraph 44 of

the Complaint and deny the remaining allegations.

45. Defendants admit that SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform. Defendants admit that SXSW offered to allow purchasers to defer their registration for 2020 SXSW to one of the three following years and to obtain a registration for another one of those three years at 50% of the walk-up price, in exchange for a release of claims against SXSW, and that the vast majority of registrants have accepted that offer and granted a release of claims.

46. Defendants admit that they cannot predict the future with absolute certainty and deny the remaining allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit that the Plaintiffs seek to represent a class as defined in Paragraph 48 and deny the remainder of the allegations.

49. Defendants deny that the putative class the Plaintiffs seek to represent consists of anywhere near "hundreds of thousands of people," admits that SXSW has records reflecting all purchases of credentials for SXSW 2020, and denies the remaining allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants incorporate by reference each of the responses to the allegations in the foregoing paragraphs of this Answer.

55. Defendants admit that the Plaintiffs and other purchasers of SXSW 2020

credentials entered into an enforceable contract with SXSW embodied in SXSW's Terms.

56. Defendants admit that an enforceable contract with SXSW was entered into by each purchaser of Credentials at the time of purchase, as alleged in Paragraph 56.

57. Defendants admit the allegations in Paragraph 57 as to the Plaintiffs but deny that there is a uniform answer to those allegations with regard to the putative class the Plaintiffs seek to represent.

58. Defendants admit that SXSW is not providing cash refunds to purchasers of credentials because each purchaser agreed their purchase was non-refundable and because the City's cancellation of SXSW 2020 made it impossible for SXSW, LLC, to perform. Defendants admit that SXSW offered to allow purchasers to defer their registration for 2020 SXSW to one of the three following years and to obtain a registration for another one of those three years at 50% of the walk-up price, in exchange for a release of claims against SXSW, and that the vast majority of registrants have accepted that offer and granted a release of claims.

59. Defendants admit that one of the reasons SXSW is not providing cash refunds to purchasers of credentials is the terms of the agreement between SXSW and purchasers as reflected in SXSW's Terms.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants admit that the Plaintiffs seek the relief described in Paragraph 63 of the Complaint.

64. Defendants incorporate by reference each of the responses to the allegations in the foregoing paragraphs of this Answer.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants incorporate by reference each of the responses to the allegations in the foregoing paragraphs of this Answer.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

## II. Affirmative Defenses.

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Although it is the Plaintiffs' burden to prove a breach of contract, the Plaintiffs cannot prove the essential element of breach because they knowingly assented to SXSW's Terms expressly providing that credential were non-refundable and expressly assumed the risk of loss.

3. The City of Austin cancelled SXSW 2020, thus making performance impossible, illegal, and/or impracticable and frustrating the purpose of the contract.

4. Although the Defendants deny that any class should be certified, the vast majority of members of the putative class that the Plaintiffs seek to certify has accepted SXSW's deferral offer and granted a release, thus barring any claims on their behalf due to accord and satisfaction, waiver, and release.

5. The Defendants' discovery and investigation efforts are ongoing, and the Defendants reserve the right to amend their answer and affirmative defenses as warranted.

### III. Conclusion and Prayer.

For the foregoing reasons, Defendants SXSW, LLC, and SXSW Holdings Inc., pray that the Court dismiss the Plaintiffs claims against them, award them their reasonable attorney's fees and costs, and grant such other and further relief to which Defendants may be entitled.

Respectfully submitted,

By: /s/ *Peter D. Kennedy*
    Peter D. Kennedy
    Attorney-in-Charge
    State Bar No. 11296650
    James A. Hemphill
    State Bar No. 00787674
    Hailey L. Suggs
    State Bar No. 24113497
    Graves, Dougherty, Hearon & Moody, P.C.
    401 Congress Avenue, Suite 2700
    Austin, Texas 78701
    (512) 480-5764
    (512) 536-9908 (Fax)
    pkennedy@gdhm.com

ATTORNEYS FOR DEFENDANTS
SXSW LLC AND SXSW HOLDINGS INC.

**Certificate of Service**

I hereby certify that on June 16, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Randy Howry
Sean Breen
James Hatchitt
Howry Breen & Herman, LLP
1900 Pearl Street
Austin, TX 77005-5408

Joseph G. Sauder
Lori G. Kier
Joseph B. Kenney
Sauder Schelkopf LLC
1109 Lancaster Avenue
Berwyn, PA 19312

Daniel O. Herrera
Kaitlin Naughton
Cafferty Clobes Meriwether & Sprengel LLP
150 S. Wacker Drive, Suite 3000
Chicago, IL 60606

Bryan L. Clobes
Cafferty Clobes Meriwether & Sprengel LLP
205 N. Monroe Street
Media, PA 19063

/s/ *Peter D. Kennedy*
Peter D. Kennedy