IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2021 SEP 30 PM 3: 39
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| MARIA BROMLEY and KLEBER PAUTA, § <br> on behalf of themselves and all others similarly § <br> situated, § <br> § <br> *Plaintiffs*, § <br> vs. § <br> § <br> SXSW, LLC and SXSW HOLDINGS, INC., § <br> § <br> *Defendants*. § | Civil Action No. 1:20-CV-439-LY |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Parties seek entry of an Order Preliminarily Approving the Settlement of this Action pursuant to the Settlement Agreement fully executed on September 24, 2021 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Motion for Preliminary Approval;

NOW, THEREFORE, IT IS ON THIS 30TH DAY OF SEPTEMBER, 2021, ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court preliminarily approves the Settlement as being within the range of reasonableness to the Class, subject to further consideration at the Fairness Hearing described below.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Class as follows:

> All persons, wherever located, who purchased Credentials for the 2020 South by Southwest Conference and Festivals in Austin, Texas, pursuant to the Participation and Credentials Terms and Conditions ("PCT&C") (Exhibit 1 to the Settlement Agreement). The Class includes both the Deferral Class and the Non-Deferral Class, defined below.
>
> Excluded from the Class are all claims for death, personal injury, property damage, and subrogation. Also excluded from the Class are all purchasers of Credentials who pursued and won a chargeback through their credit card company and received a refund of their payment to SXSW for such Credentials; businesses or government agencies that obtained Credentials from SXSW's Sales, Special Projects, and/or Sponsorship departments as part of their purchase of exhibition, marketing, trade and/or sponsorship packages; SXSW; any affiliate, parent, or subsidiary of SXSW; any entity in which SXSW has a controlling interest; any officer, director, or employee of SXSW; any successor or assign of SXSW; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

4.     The Deferral Class consists of members of the Class who accepted SXSW's offer to defer their Credential(s) purchased to attend the 2020 South by Southwest Conference and Festivals ("the Deferral Offer").

5.     The Non-Deferral Class consists of members of the Class who did not accept the Deferral Offer.

6.     The Court appoints Sauder Schelkopf LLC, Cafferty Clobes Meriwether & Sprengel LLP, and Howry Breen & Herman LLP, as Class Counsel for the Class. Any Class member may enter an appearance in the action, at their own expense, either individually or

through counsel. However, if they do not enter an appearance, they will be represented by Class Counsel.

7. The Court appoints Plaintiffs Maria Bromley and Kleber Pauta as Class Representatives.

8. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Class is so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Class is appropriate when balanced against the risks of continued litigation.

9. It further appears that extensive and costly investigation, research, and discovery has been conducted such that counsel for the Parties are reasonably able to evaluate the benefits of Settlement, which will avoid substantial additional costs to the Parties and reduce delay and risks associated with this Action.

10. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations and was reached with the assistance of a 10-hour mediation session before mediator Dean Kilgore on December 17, 2020.

11. The Court approves the form and content of the E-Mailed Notice (Exhibit 3 to the Settlement Agreement), the Mailed Notice (Exhibit 4 to the Settlement Agreement), and the Notice website (Exhibit 5 to the Settlement Agreement). The Court finds SXSW's distribution

of the aforementioned notices in the manner set forth in the Settlement satisfies due process and Federal Rule of Civil Procedure 23(e). The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class members entitled to notice. The Court authorizes the Parties to make non-material modifications to the notices prior to publication if they jointly agree that any such changes are appropriate. Accordingly, the Court directs the following notice procedures to be effectuated on or before October 21, 2021:

    a. SXSW shall provide E-Mailed Notice to the most current email address SXSW possesses for each Class member. If an E-Mailed Notice is returned as undeliverable as to any Class member, SXSW shall, as soon as practicable, but within no less than fifteen (15) business days, attempt to contact such Class member by calling the contact phone number, if any, provided by such members to SXSW to obtain an alternate email address and then promptly sent the E- Mailed Notice to that address. If such Class members do not provide an alternative email address, request notice by mail, or cannot be reached by phone after reasonable efforts, SXSW will send by U.S. Postal Service First Class Mail a Mailed Notice to the most current mailing address, if any, SXSW possesses for that Class member.

    b. SXSW shall provide Publication Notice through a Settlement Website (Exhibit 5 to the Settlement Agreement).

    c. The Notice shall contain instructions on how a Class Member may make a Claim by completing a Claim Form on the Settlement Website. The Claim Form shall: (i) display the Class Member's 2020 SXSW credential purchase(s) by credential purchased, registrant, deferral status (if any), and amount(s) paid; (ii) require the Class Member to certify that they are the purchaser of the 2020 SXSW credentials displayed or are acting with the

purchaser's knowledge and consent; (iii) request the Class Member to identify the preferred method of payment as offered in the Class Benefits; (iv) provide Non-Deferral Class Members the opportunity to choose to join the Deferral Class and receive Deferral Benefits as to each credential purchased; (v) display the Class Benefits elected to be received by the Class Member; and (vi) require the Class Member to confirm their choice(s) by clicking an "I Agree" button to submit their Claim Form. Claims shall be submitted and received no later than December 20, 2021.

      d.  Members of the Non-Deferral Class who have not effectively elected to be excluded from the Settlement may choose either to remain in the Non-Deferral Class, or join the Deferral Class and obtain the Benefits to the Deferral Class. For purposes of this Settlement, wristband purchasers are considered members of the Non-Deferral Class.

12. SXSW shall be responsible for all costs of notice and settlement administration and may, in its discretion, retain a claims administration company, subject to input and approval from Class Counsel, to assist it in handling notice, claim administration, and payment of Class Benefits. By November 18, 2021, SXSW shall provide Class Counsel with the total number of notices sent to Class members and the method by which those notices were sent. SXSW shall, by January 10, 2022, provide Class Counsel with a report regarding Claims, if any, that SXSW believes are invalid, ineligible, fraudulent, or duplicative.

13. An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than December 6, 2021.

14. If Class members do not wish to participate in the Settlement, they may exclude themselves as set forth in the Notice. All requests to be excluded from the Class must be in

writing and postmarked on or before the Opt-Out Deadline, which shall be December 20, 2021.

        a.     Any request for exclusion must (i) state the Class member's full name and current email and mailing address, and (ii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

    15.     Any Class member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Fairness Hearing to support or oppose the approval of the Settlement Agreement. All objections and requests to appear at the Fairness Hearing must be in writing and postmarked on or before the Objection Deadline, which shall be December 20, 2021.

        a.     The following information must be provided in the Class member's written objection: (i) full name and current address, email address, and telephone number; (ii) a statement of the objection(s), including all factual and legal grounds for the position; (iii) copies of any documents the objector wishes to submit in support; and (iv) sign and date the objection. In addition, any Class member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether inside or outside the United States, in the previous five years. If the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection. If the objecting Class member intends to appear, in person or by counsel, at the Fairness Hearing, the objecting Class member must so state in the objection.

        b.     All objections must be sent to the address identified in the Mailed Notice, Emailed Notice, and Publication Notice.

16. Any Class member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement and any judgment approving the Settlement.

17. The Court hereby schedules the Fairness Hearing for February 18, 2022, at 9:30 a.m. The Fairness Hearing will take place at 501 West 5th Street, 7th Floor, Austin, TX 78701, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Class Counsel's motion for attorneys' fees and for service payments to the Class Representatives should be approved. The Court may adjourn the Fairness Hearing without further notice to Class members.

SIGNED on this _30th_ day of September, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE