FILED

FEB 1 8 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARIA BROMLEY and KLEBER          §
PAUTA, on behalf of themselves and all   §
others similarly situated,        §
                                  §
              Plaintiffs,          §
                                  §
v.                                §        Civil Action No. 1:20-CV-439-LY
                                  §
SXSW LLC, and,                    §
SXSW HOLDINGS, INC.,             §
                                  §
              Defendants.          §

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

**WHEREAS**, this matter came before the Court on the Plaintiffs' Motion for Final

Approval of Class Action Settlement (ECF No. 37), filed in the above-styled case;

**WHEREAS**, on September 30, 2021, this Court entered an Order granting preliminary

approval (ECF No. 31) of the Class Action Settlement Agreement ("Settlement") between

Plaintiffs, individually and on behalf of the Class, and Defendants SXSW LLC and SXSW

Holdings, Inc. (collectively, "SXSW"), as memorialized in the Settlement (ECF No. 29-2) in this

Action;

**WHEREAS**, on February 18, 2022, the Court conducted a Fairness Hearing of which

members of the Class had been given appropriate notice. An opportunity to be heard was provided

to all persons requesting to be heard in accordance with the Preliminary Approval Order and the

Court approved Class Notice provided;

**WHEREAS**, after considering the Settlement (attached as Exhibit A to the previously-

filed Declaration of Daniel O. Herrera in Support of Plaintiffs' Motion for Preliminary Approval

of Settlement (ECF No. 29-2)), Plaintiffs' Motion for Final Approval of Class Action Settlement,

and supporting materials (including declarations from Class Counsel), and Plaintiffs' Motion for

Preliminary Approval of Settlement, Certification of a Settlement Class, Appointment of Class

Counsel, and Related Relief (ECF No. 29) and accompanying Declarations by Joseph G. Sauder

(ECF No. 29-1), Daniel O. Herrera (ECF No. 29-2), and Randy R. Howry (ECF No. 29-3), and all

other pleadings filed in relation to the Settlement and the Action, the Court having concluded that

the Settlement is fair, reasonable, and adequate, hereby **GRANTS** the Motion for Final Approval

of Class Action Settlement.

**IT IS ORDERED, ADJUDGED, AND DECREED:**

1.      This Order incorporates by reference the definitions in the Settlement, and all terms

used in this Order shall have the same meanings as set forth in the Settlement.

2.      This Court has jurisdiction over Plaintiffs, Defendants, Class Members, and the

claims asserted in the Action. Venue is proper in this District.

3.      The Settlement was entered into in good faith following arm's-length negotiations

and is non-collusive.

**<u>Class Certification and Approval of Settlement</u>**

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the

following Class for Settlement purposes:

**The Class:**

All persons, wherever located, who purchased Credentials for the 2020 South by
Southwest Conference and Festivals in Austin, Texas, pursuant to the Participation
and Credentials Terms and Conditions ("PCT&C") (Exhibit 1 to the Settlement
Agreement). The Class includes both the Deferral Class and the Non-Deferral
Class, defined below.

**The Deferral Class:**

2

Members of the Class who accepted SXSW's offer to defer their Credential(s) purchased to attend the 2020 South by Southwest Conference & Festivals ("the Deferral Offer").

**The Non-Deferral Class:**

Members of the Class who did not accept the Deferral Offer.

Excluded from the Class are all claims for death, personal injury, property damage, and subrogation. Also excluded from the Class are all purchasers of Credentials who pursued and won a chargeback through their credit card company and received a refund of their payment to SXSW for such Credentials; businesses or government agencies that obtained Credentials from SXSW's Sales, Special Projects, and/or Sponsorship departments as part of their purchase of exhibition, marketing, trade and/or sponsorship packages; SXSW; any affiliate, parent, or subsidiary of SXSW; any entity in which SXSW has a controlling interest; any officer, director, or employee of SXSW; any successor or assign of SXSW; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

The Class is an opt-out class under Rule 23(b)(3).

5.    The Court finds that class certification solely for the purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the Class; (e) Cafferty Clobes Meriwether & Sprengel LLP, Sauder Schelkopf LLC, and Howry Breen & Herman LLP are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.    The Court finds that the Settlement is fair, reasonable, and adequate under the factors enumerated in Federal Rule of Civil Procedure 23(e)(2) and *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), including (A) whether the settlement is the product of extensive, arm's-length, non-collusive negotiations (*Reed* factor 1; Fed. R. Civ. P. 23(e)(2)(B)); (B) whether

3

the stage of the proceedings and discovery produced warrant approval (*Reed* factor 3); (C) whether the Settlement represents a strong result for the Class, especially in light of the risks, complexities, and likely duration of ongoing litigation (*Reed* factors 2, 4, 5; Fed. R. Civ. P. 23(e)(2)(C)); (D) the recommendation of experienced counsel and the reaction from the class (*Reed* factor 6); (E) whether plaintiffs and class counsel have zealously represented the class (Fed. R. Civ. P. 23(e)(2)(A)); and (F) whether the settlement treats class members equally (Fed. R. Civ. P. 23(e)(2)(D)). Each of these factors weighs in favor of approval of the Settlement reached here and supports the Court's finding that the Settlement is fair, reasonable, and adequate. Specifically,

A. **The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.** The Settlement is the result of arm's-length negotiations between experienced counsel and overseen by mediator Dean Kilgore, an experienced and able mediator. This factor favors approval of the Settlement.

B. **The stage of the proceedings and discovery produced warrant approval.** The Settlement here is informed by Class Counsel's thorough investigation and considerable discovery regarding the legal and factual issues in the litigation. Having previously brought many similar class actions, and having reviewed and conferred regarding SXSW's productions, Class Counsel were in an excellent position to evaluate the merits of the proposed Settlement against the risks and costs associated with continued litigation. This factor favors approval of the Settlement.

C. **The Settlement represents a strong result for the Class, especially in light of the risks, complexities, and likely duration of ongoing litigation.** This Settlement strikes a compromise that affords fair and reasonable compensation to Class Members. The Settlement also provides a significant benefit that would not

4

be available if the litigation were to continue—prompt relief. Proceeding to trial could take years, significantly deferring the resolution of this litigation, given the legal and factual issues raised and likelihood of appeals.

D. **The recommendation of experienced counsel and the positive reaction from the Class favor approval.** Class Counsel in this case have extensive experience litigating and resolving class actions and other complex matters, conducted discovery in the instant case, and have extensively investigated the factual and legal issues raised. Based on their experience and knowledge, Class Counsel weighed the benefits of the Settlement against the inherent risks, complexities, and expense of continued litigation, and concluded that the proposed Settlement is fair, reasonable, and adequate. The Class' positive reaction to the Settlement also supports approval. On November 18, 2021, SXSW's counsel informed Class Counsel that 19,880 notices were sent by email and 899 notices sent by U.S. mail. The deadline for Class Members to opt-out or object was December 20, 2021, yet only eleven persons have requested to be excluded from the Class and no objections have been filed. In addition, pursuant to 28 U.S.C. § 1715, notice of the Settlement was also sent to the appropriate officials, *see* ECF No. 32, none of whom expressed concerns about the Settlement.

E. **Plaintiffs and Class Counsel have zealously represented the Class.** Plaintiffs and Class Counsel have prosecuted this action on behalf of the Class with vigor and dedication. Class Counsel have thoroughly investigated the factual and legal issues involved, conducted confirmatory discovery, and further prosecuted the claims described herein. Likewise, Plaintiffs themselves were actively engaged—each

communicated regularly with Class Counsel up to and including evaluating and approving the proposed Settlement.

F. **The Settlement treats Class Members equitably.** The Settlement does not grant preferential treatment to the Plaintiffs or to any segment of the Class. Class representative service awards, such as the modest awards requested for the two named Plaintiffs here, are commonly awarded in class actions, are well-justified under the circumstances, and are appropriate in amount given each Plaintiff's commitments and efforts in supporting the litigation.

7.      Accordingly, the Settlement is hereby finally approved in all respects. The Parties are hereby directed to perform the terms as set forth therein.

8.      The Court reaffirms the appointment of Plaintiffs Maria Bromley and Kleber Pauta as representatives of the Class.

9.      The Court reaffirms the appointment of Cafferty Clobes Meriwether & Sprengel LLP, Sauder Schelkopf LLC, and Howry Breen & Herman LLP as Class Counsel.

<u>Class Notice</u>

10.      In accordance with Rule 23 and the requirements of due process, the Court hereby finds that all Settlement Class Members have been given proper and adequate notice of the Settlement. The Class Notice was disseminated to the Settlement Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Class Notice was filed with the Court (ECF No. 35), and full opportunity to be heard has been offered to all Settlement Class Members. Based upon the evidence submitted by the Parties, the Settlement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice Plan implemented pursuant to the Settlement and approved by the Court's Preliminary

Approval Order: (a) satisfied the requirement of Rule 23(c)(3) and due process; (b) was the best practicable notice under the circumstances; (c) reasonably apprised members of the Class of the pendency of the action and their right to object to the proposed settlement or opt out of the Class; and (d) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed members of the Class of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

11.      The Court further finds that the Parties provided notice of the Settlement to the appropriate government officials pursuant to 28 U.S.C. § 1715. ECF No. 32. Furthermore, the Court has given the appropriate state and federal government officials the requisite period to comment or object to the Settlement before entering its Final Approval Order. No comments or objections were filed by any state or federal government official.

### Objections and Opt-Outs

12.      The opt-out and objection deadlines elapsed on December 20, 2021, and only eleven persons have validly requested to be excluded from the Class, and no persons objected.

13.      The eleven persons who have validly requested exclusion from the Settlement are: David Gustafsson, Cristina Englund, Alan Morrison, Tove Svenonius, Christian Rauch, Jakob Sillén, Samir Yosufi, Ann Holmgren, Elin Claeson Hirschfeldt, Matthew Ireton, and Natalie Bach. These individuals are not members of the Settlement Class, are not bound by the Settlement or this Judgment and Order, and are not entitled to seek compensation or other relief under the Settlement.

### Class Compensation

14.      The Court orders SXSW to pay for reasonable notice and administrative costs in accordance with Section III(D) of the Agreement.

15.    The Court orders SXSW to compensate the Class Members in accordance with Section III of the Settlement.

16.    The Court orders the Parties to administer the Settlement in accordance with Section IV of the Settlement Agreement and the following schedule: SXSW Shall make Class Payments according to the method designated by each Class Member in their Claim Form. Payments to both the Deferral Class and the Non-Deferral Class shall be made within 60 days of the Effective Date, as defined in the Settlement.

### Releases

17.    Upon entry of this Final Approval Order, Plaintiffs and each member of the Class shall be bound by the release and discharge of claims set forth in Section VII of the Settlement.

### Other Provisions

18.    The Parties to the Settlement shall use their best efforts to carry out their respective obligations thereunder.

19.    Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the implementation of the Settlement and any award thereunder and all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.  The Settlement is incorporated in this Final Order and Judgment for purposes of enforcement of the Settlement.

### Dismissal and Judgment

20.    Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

21.    This Action is hereby dismissed with prejudice on the merits.

22.    Pursuant to Federal Rule of Civil Procedure 58, the Court hereby directs the Clerk of the Court to enter a judgment approving the Settlement and dismissing this Action with prejudice, in accordance with this Order.

23.    This Order is a final and appealable decision.

**IT IS SO ORDERED.**

Dated: _February 18, 2022._


_____
Hon. Lee Yeakel
United States District Judge